UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>JOSEPH D'AMBROSIO,<br><br>Defendant. | **INFORMATION**<br><br>25 Cr. |

25 CRIM 317

## COUNT ONE
### (Investment Adviser Fraud)

The United States Attorney charges:

1. At all times relevant to this Information, JOSEPH D'AMBROSIO, the defendant, was the chief investment officer for an investment advisory business ("Advisor-1"), and the operator of Hereford Holdings, a private investment vehicle through which D'AMBROSIO managed funds entrusted to him by his friends and family. Beginning in or about 2010, D'AMBROSIO defrauded Hereford's investors by embezzling millions of dollars of investors' funds that he falsely represented had been invested in a private fund managed by Advisor-1. D'AMBROSIO's misappropriation of investors' funds was contrary to the representations he made to investors in Hereford, and in breach of the fiduciary duty he owed to investors.

2. In furtherance of his scheme to defraud, JOSEPH D'AMBROSIO, the defendant, periodically represented to his friends and family that their Hereford investments were increasing in value through their investments in the private fund managed by Advisor-1. As a result of his misrepresentations, D'AMBROSIO led his friends and family to conclude their Hereford investments were safe and successful. They were neither. Instead of leaving the Hereford investments with the private fund managed by Advisor-1, D'AMBROSIO had used the funds for

his own personal gain. During the course of the fraudulent scheme, D'AMBROSIO embezzled more than $5 million in investor funds.

3. To conceal the scheme and create the false appearance that Hereford's investments were performing as represented, JOSEPH D'AMBROSIO, the defendant, created and sent to Hereford's investors false investment performance letters and fraudulent K-1 tax forms that falsely reflected non-existent investment returns. D'AMBROSIO also used new investor funds to pay earlier investors in a Ponzi-like fashion to maintain the illusion of stability in Hereford.

4. In or about December 2024, facing substantial withdrawal requests from Hereford investors, JOSEPH D'AMBROSIO, the defendant, realized that he could no longer sustain the fraudulent scheme by honoring investor redemption requests using new investors' funds, at which point he confessed to defrauding investors.

### Statutory Allegations

5. From at least in or about 2010 through in or about December 2024, in the Southern District of New York and elsewhere, JOSEPH D'AMBROSIO, the defendant, while acting as an investment advisor, willfully and knowingly used the mails and a means and instrumentality of interstate commerce, directly and indirectly, to (a) employ a device, scheme, and artifice to defraud clients and prospective clients; (b) engage in a transaction, practice, and course of business which operated as a fraud and deceit upon clients and prospective clients; and (c) engage in an act, practice, and course of business which was fraudulent, deceptive, and manipulative, to wit, D'AMBROSIO, in violation of his fiduciary duties, engaged in a scheme to defraud his clients and misappropriated client funds for his own enrichment.

(Title 15, United States Code, Sections 80b-6 and 80b-17;
Title 18, United States Code, Section 2.)

## FORFEITURE ALLEGATION

6. As a result of committing the offense charged in Count One of this Information, JOSEPH D'AMBROSIO, the defendant, shall forfeit to the United States, pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461, all property, real and personal, that constitutes or is derived from proceeds traceable to the commission of the offense that the defendant personally obtained.

### Substitute Assets Provision

7. If any of the above-described forfeitable property, as a result of any act or omission by the defendant:

    a. cannot be located upon the exercise of due diligence;

    b. has been transferred or sold to, or deposited with, a third party;

    c. has been placed beyond the jurisdiction of the court;

    d. has been substantially diminished in value; or

    e. has been commingled with other property which cannot be divided without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), and Title 28, United States Code Section 2461, to seek forfeiture of any other property of the defendant up to the value of the forfeitable property described above.

(Title 18, United States Code, Section 981(a)(1)(C);
Title 21, United States Code, Section 853(p);
Title 28, United States Code, Section 2461.)

*Jay Clayton*
JAY CLAYTON
United States Attorney